UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AMUN MENES EL, EXECUTOR FOR THE ESTATE OF JUSTIN TRESHUNN BURNETT,<br><br>           Plaintiff,<br><br>vs.<br><br>LAKEVIEW LOAN SERVICING, LLC ,<br><br>           Defendant. | Case No._____<br><br>Formerly Cobb Co. Magistrate Ct. Civil Action No. **25-J-15641** |

NOTICE OF REMOVAL
OF MAGISTRATE COURT OF COBB COUNTY, GEORGIA
CASE NO. 25-J-15641

Defendant LAKEVIEW LOAN SERVICING, LLC ("Defendant") hereby files its Notice of Removal of Case No. **25-J-15641** from the Magistrate Court of Cobb County, Georgia (the "Magistrate Court"), to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and as grounds for its removal states as follows:

**I.      Statement of Case**

1. On October 27, 2025, "AMUN MENES EL, EXECUTOR FOR THE ESTATE OF JUSTIN TRESHUNN BURNETT" ("Plaintiff") filed a Statement of Claim (the "Complaint") in the Magistrate Court styled "AMUN MENES EL,

1

EXECUTOR FOR THE ESTATE OF JUSTIN TRESHUNN BURNETT vs. LAKEVIEW LOAN SERVICING, LLC", initiating Case No. **25-J-15641** (the "State Court Action").

2. Per the online docket for the State Court Action, an Affidavit of Service was filed in the State Court Action on November 14, 2025. Per the Magistrate Court Clerk's office, as of November 24, 2025, an electronic copy of the Affidavit of Service is not yet available. Defendant has been unable to find any internal record of having been served in this action.

3. The undersigned found the State Court Action by searching the electronic records of the Magistrate Court on November 18, 2025.

4. A copy of the Complaint, and Notice and Summons, which the undersigned counsel requested and received from the Clerk for the Magistrate Court are attached collectively as Exhibit A hereto.[1]

5. The Complaint states: "Plaintiff brings this action for two violations of federal consumer protection law", and "Plaintiff seeks $2,000 in statutory damages under applicable federal law". (*See* Compl., ¶¶ (III)(1), (5).)

---

[1] Defendant will supplement this Notice of Removal with any other documents filed in the State Court Case when Defendant is able to acquire or access them. Defendant notes that the Complaint states that three exhibits are attached to it, but that no exhibits were included with the documents served on Defendant.

**II.   This Notice of Removal is Timely Filed and Venue is Appropriate**

6.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

7.   The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of November 18, 2025, the day that the undersigned found the State Court Action by searching the electronic records of the Magistrate Court.

8.   The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

**III.   Federal Question Jurisdiction Under 28 U.S.C. §1331**

9.   Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2010).  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because Plaintiff specifically states Plaintiff's Complaint is based on alleged "violations of federal consumer protection law". (*See* Compl., ¶¶ (III)(1).) This claim give rise to federal question jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2011).

3

10. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010). A federal question appears on the face of Plaintiff's Complaint, and these claims "arise under" federal law.

11. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

12. Thus, because Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a).

**IV.   Conclusion**

13. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it

may have to this action.  Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Respectfully submitted this 24th day of November 2025:

       **McCALLA RAYMER LEIBERT PIERCE, LLP**

       By: /s/ William O. Tate
       William O. Tate
       Ga. State Bar No. 311044
       1544 Old Alabama Road
       Roswell, GA 30076
       Tel. (678) 281-6473
       Fax (678) 302-9934
       william.tate@mccalla.com
       *Attorneys for LAKEVIEW LOAN SERVICING, LLC*

## **7.1 CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, and that the top margin is at least 1.5" and the left margin is at least 1", pursuant to L.R. 5.1(C). Respectfully submitted this 24th day of November 2025:

                **McCALLA RAYMER LEIBERT PIERCE, LLP**

                By: /s/ William O. Tate
                William O. Tate
                Ga. State Bar No. 311044

# **EXHIBIT A**

# MAGISTRATE COURT OF COBB COUNTY
# STATE OF GEORGIA

32 Waddell Street  Civil Action 25-J-15641
Public Safety Building
Marietta Georgia 30090-9656
(770) 528-8910
Internet Address: www.cobbcounty.org

| | |
|---|---|
| AMUN MENES EL, EXECUTOR FOR THE ESTATE OF JUSTIN TRESHUNN BURNETT<br>PO BOX 1241<br>MABLETON, GA 30126<br>678-360-9787 | LAKEVIEW LOAN SERVICING, LLC<br>4425 PONCE DE LEON BLVD<br>MS 5-251<br>CORAL GABLES, FL 33146<br><br>Registered Agent<br>CORPORATION SERVICE COMPANY<br>2 SUN COURT, SUITE 400<br>PEACHTREE CORNERS, GA 30092 |
| Plaintiff Name, Address and Phone | Defendant Name, Address and Phone |

**Statement of Claim**

Suite On Other

Plaintiff says the defendant is indebted to the plaintiff as follows:

I. PARTIES
1. Plaintiff is Amun Menes El, Executor for the Estate of Justin Treshunn Burnett
2. Defendant is Lakeview Loan Servicing, LLC. Service may be made upon its registered agent:
• Corporation Service Company 2 Sun Court, Suite 400, Peachtree Corners, GA 30092
_____
II. JURISDICTION & VENUE
1. This Court is a proper court of competent jurisdiction to hear claims for damages arising from violations of federal consumer law.
2. Venue is proper as Defendant's conduct affected Plaintiff in this county.
_____
III. STATEMENT OF CLAIM & PETITION FOR DAMAGES
1. Plaintiff brings this action for two violations of federal consumer protection law.
2. Defendant caused and allowed the continued transmission of billing statements by its agents after reporting the subject account as closed and $0.
3. These statements contained false and misleading information intended to deceive Plaintiff into remitting payment on an inactive account.
4. This constitutes a willful inaccuracy and a deceptive billing and collection practice.

5. Plaintiff seeks $2,000 in statutory and/or compensatory damages pursuant to applicable state and federal law.

_____

IV. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

1. Judgment in the amount of $2,000
2. Reimbursement of court costs in the amount of $165 (filing and service fees)
3. Any additional relief the Court deems appropriate

_____

V. SUPPORTING EXHIBITS AND EVIDENCE

Plaintiff attaches the following exhibits in support of this action:

1. Exhibit A – Billing statement issued by M&T Bank (agent of Defendant) dated April 16 2025, 2024, reflecting new charges despite closed status.
2. Exhibit B – Credit report dated September 6, 2024, showing the Lakeview account as closed with $0 balance.
3. Exhibit C – Violation Summary Grid detailing breaches of federal consumer law and corresponding damage values.

Each exhibit substantiates the core factual basis for Plaintiff's claim and supports the prayer for statutory damages and reimbursement of costs.

_____

VI. LEGAL NOTICE – NEUTRAL DISCLAIMER

This filing does not seek federal relief. All statutory references are provided strictly for evidentiary context and do not invoke or rely upon federal jurisdiction.

_____

Respectfully submitted,

Amun Menes El
Executor for the
Estate of Justin Treshunn Burnett
PO Box 1241
Mableton, GA 30126
legaldept@houseofmenesel.org

That said claim is in the amount of $2165.00  (principle owed) plus $60.50  (court costs) court costs to date and all future costs of this suit

**State of Georgia, Cobb County**

AMUN MENES EL being duly sworn on oath, says the foregoing is a just and true statement of the claim made by the plaintiff against the defendant.

Efiled 10-27-2025                                        AMUN MENES EL
                                                         PO BOX 1241
                                                         MABLETON GA, 30126
                                                         (678) 360-9787

*Affiant/Attorney Name, Address and Phone*

## Notice and Summons

To LAKEVIEW LOAN SERVICING, LLC

You are hereby notified that AMUN MENES EL, EXECUTOR FOR THE ESTATE OF JUSTIN TRESHUNN BURNETT has made and filed a claim and is asking for judgment against you in the sum of $2165.00 as shown by the foregoing statement. YOU ARE REQUIRED TO FILE OR PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. Your answer may be filed in writing (notarized) or given orally under oath in the presence of the Chief or Presiding Magistrate or to the Clerk during regular business hours.

**AFFIDAVIT OF SERVICE**

**I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:**
[ ] Personally _____
[ ] To a person sui juris residing on the premises (Name) _____
            Age_____ Wt_____ Ht_____
[ ] Served _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.
[ ] Defendant not found in the jurisdiction of this Court. Reason:
[ ] By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons

**Date of Service** _____

_____
Deputy Marshal/Deputy Sheriff